# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 15CR3084WQH |
| Plaintiff, | JUDGMENT AND ORDER OF DISMISSAL |
| v. | |
| MARCO ANTONIO ALONSO-SEPULVEDA, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss the indictment due to invalid removal order filed by Defendant Marco Antonio Alonso-Sepulveda. (ECF No. 14).

## BACKGROUND FACTS

On March 12, 2007, Defendant was convicted of first degree robbery in violation of California Penal Code §§ 211 and 213(a)(1)(A).

On June 30, 2010, a Notice of Intent to Issue a Final Administrative Removal Order ("Notice") was issued to Defendant alleging that he was "not a citizen or national of the United States" and that he was "a native of Mexico and a citizen of Mexico." (ECF No. 14-2 at 2). The Notice alleged that Defendant entered the United States "without inspection, admission, or paroled by an Immigration Officer." *Id.* The Notice alleged "You were, on 3/12/2007, convicted in the California Superior Court  County of Santa Clara for the offense of, Robbery in a inhabited palce (sic) - voluntarily acting in concert- First Degree in violation of Section 213(a)(1)(A) of the California Penal Code for which the term of imprisonment was 3 years." *Id.* at 4. The Notice charged

"You are deportable under Section 237(a)(2)(iii) of the Act . . . because you have been convicted of an aggravated felony as defined in Section 1101(a)(43)(F)[1] of the Act. 8 U.S.C. 1101(a)(43)." *Id.* at 2.

The Final Administrative Removal Order indicated that it was served upon the Defendant on July 2, 2010. *Id.* at 5.

On December 15, 2015, Defendant was charged in an Indictment with being an alien who previously had been removed from the United States to Mexico attempting to enter the United States without the express consent of the Attorney General of the United States or her designated successor in violation of 8 U.S.C. §1326(a) and (b). (ECF No. 1).

## CONTENTIONS OF THE PARTIES

Defendant contends that his 2010 removal order was fundamentally unfair because his 2007 robbery conviction under California Penal Code ("CPC") § 211 is not a crime of violence under 18 U.S.C. § 16(b) as charged in the Notice based upon the decision of the Court of Appeal in *Dimaya v. Lynch*.[2] Defendant asserts that the alternative theory advanced by the Plaintiff United States for his removal under a theft offense defined in 8 U.S.C. § 1101(a)(43)(G)[3] cannot meet constitutional notice requirements. Defendant further contends that this Court's prior ruling in *United States v. Bernal-Sanchez*, Case No. 15-1689-WQH requires the Court to grant relief on the grounds that his 2007 robbery conviction under California law does not qualify as an aggravated felony under the theft offense defined in 8 U.S.C. § 1101(a)(43)(G).

Plaintiff United States of America assumes that *Dimaya* precludes reliance upon

---

[1] 8 U.S.C. § 1101(a)(43)(F) states: "The term 'aggravated felony' means . . . (F) a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [] at least one year." 8 U.S.C. § 1101(a)(43)(F) (footnote omitted).

[2] 803 F.3d 1110 (9th Cir. 2015).

[3] 8 U.S.C. § 1101(a)(43)(G) states: "The term 'aggravated felony' means . . . (G) a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment at least one year." 8 U.S.C. § 1101(a)(43)(G) (footnote omitted).

Defendant's 2007 robbery conviction as a crime of violence, as charged in the Notice, but asserts that the Defendant remains an aggravated felon because his 2007 robbery conviction is a theft offense as defined in § 1101(a)(43)(G). Plaintiff United States asserts that Defendant cannot show that he was prejudiced by the underlying defect in his removal proceedings and respectfully disagrees with this Court's ruling in *Bernal-Sanchez*.

## APPLICABLE LAW

A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction. *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987). To sustain a collateral attack under 8 U.S.C. § 1326(d), a defendant must demonstrate that (1) he exhausted all administrative remedies available to him to appeal his removal order, (2) the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair. *United States v. Ubaldo–Figueroa*, 364 F.3d 1047, 1048 (9th Cir. 2004). An underlying deportation order is "fundamentally unfair" if (1) the defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects. *Id*.

## RULING OF THE COURT

In *Bernal-Sanchez,* the defendant moved to dismiss his charge under 8 U.S.C. § 1326 on the grounds that his prior removal was invalid. The defendant in *Bernal-Sanchez,* as the Defendant in this case, was charged in the Notice to Appear with removal on the sole grounds that his prior robbery conviction under CPC § 211[4] was an aggravated felony, crime of violence, as defined in § 1101(a)(43)(F). Subsequent

---

[4] CPC § 211 states, "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211.

to the decision in *Dimaya*, the Plaintiff United States conceded that the prior robbery conviction was not a crime of violence, as defined in § 1101(a)(43)(F). Plaintiff United States asked the Court to conclude that the prior removal remained valid on the grounds that the prior robbery conviction remained an aggravated felony theft offense under § 1101(a)(43)(G),[5] despite the procedural defect in the removal proceedings.

This Court concluded that the defendant in *Bernal-Sanchez* would suffer no prejudice from the procedural defect in the Notice if the Court concluded that his prior robbery conviction under CPC § 211 was an aggravated felony theft offense under § 1101(a)(43(G). This Court stated,

> Under California law, a defendant can be convicted of robbery under CPC § 211for aiding and abetting in the asportation element of taking. In *Cooper*, the California court stated "for the conviction of the more serious offense of aiding and abetting a robbery, a getaway driver must form the intent to facilitate or encourage commission of the robbery *prior to or during the carrying away of the loot to a place of temporary safety.*" *Cooper*, 53 Cal. 3d at 1165. Conduct which is limited to asportation of the stolen property does not fall within any element of a generic theft offense and would not support liability as an aider and abettor of the generic theft offense. As a result, the Court must conclude that the full range of conduct covered by CPC § 211 punishes conduct broader than the conduct covered by generic theft offense. Unlike the defendant in *Verdugo-Gonzalez*, Defendant in this case has identified specific conduct under California case law in which CPC § 211 is applied to conduct which does not fit within the generic theft offense. *See Verdugo-Gonzalez*, 581 F.3d at 1062 ("Verdugo-Gonzalez has not identified a case in which California has applied the statute that way, so a conviction under that statute cannot be based on a finding of something less than conduct which fits within the generic theft offense."). This Court concludes that the Defendant's conviction under CPC § 211 is not a categorical theft offense.

(15cr189WQH, ECF No. 39 at 11-12). As a result, this Court concluded that the defendant was not removeable as an aggravated felon under 8 U.S.C. § 1101(a)(43)(G) at the time of his removal proceedings, that the Defendant suffered prejudice as a result of the procedural defect in the Notice, and that the Defendant was entitled to relief under 8 U.S.C. § 1326(d). *Id*.

---

[5] A theft offense under 8 U.S.C. § 1101(a)(43)(G) involves "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of the rights and benefits of ownership." *United States v. Alvarado-Pineda*, 774 F.3d 1198,1202 (9th Cir. 2014).

In this case, Plaintiff United States request that the Court reconsider the conclusion in *Bernal-Sanchez* that "[c]onduct which is limited to asportation of the stolen property does not fall within any element of a generic theft offense and would not support liability as an aider and abettor of the generic theft offense." (15cr1689 WQH, ECF No. 39 at 12). Plaintiff United States contends that this conclusion "disregards the import of the definition of theft offense that covers the 'exercise of control over property without consent.'" (ECF No. 20 at 4). Plaintiff United States asserts that "by aiding the asportation (knowing that a robbery had occurred), the person aids another in 'exercising control over the property without consent.'" *Id.*

Defendant asserts that a defendant who merely aids and abets the asportation of a robbery - even someone who had no prior knowledge of the robbery - will have violated CPC §211 but not committed generic theft. Defendant asserts that the "exercise of control over property" required in generic theft is not an ongoing action covering the range of conduct covered by the asportation element of taking under CPC § 211. As a result, Defendant contends that the conduct covered by CPC § 211 sweeps more broadly than the conduct covered by generic theft.

This Court considered these same arguments in *Bernal-Sanchez.* In *Bernal-Sanchez*, this Court explained,

> California case law establishes that the taking element of CPC § 211 "has two necessary elements, gaining possession of the victim's property and asporting or carrying away the loot." *People v. Hill*, 17 Cal.4th 800, 852 (1998) (internal quotations omitted). Liability for participation in the asportation aspect of taking is based upon aiding and abetting CPC § 211. No aspect of the generic theft offense covers conduct limited solely to participation in the asportation of the stolen property. Although the element of asportation in CPC § 211 is "initially satisfied by evidence of slight movement, . . . asportation is not confined to a fixed point in time. The asportation continues thereafter as long as the loot is being carried away to a place of temporary safety." *Cooper*, 53 Cal. 3d at 1165. In *Cooper,* the California court stated,
>
>> We conclude that the commission of a robbery for purposes of determining aider and abettor liability continues until all acts constituting the robbery have ceased. The asportation, the final element of the offense of robbery, continues so long as the stolen property is being carried away to a place of temporary safety. Accordingly, in order to be held liable as an aider and abettor, the requisite intent to aid and abet must

> be formed before or during such carrying away of the loot to a place of temporary safety. Therefore, a getaway driver who has no prior knowledge of a robbery, but who forms the intent to aid in carrying away the loot during such asportation, may properly be found liable as an aider and abettor of the robbery.
>
> *Id.* at 1161. *See also People v. Dryden*, 2005 WL 1231732 at *6 (getaway driver for robbery of a credit union convicted under CPC § 211 as an aider and abettor based upon evidence that co-defendant had not reached a temporary place of safety since taking the money from the teller, at the time co-defendant was assisted by defendant).

(15cr189WQH, ECF No. 39 at 11-12). The Court has considered the arguments again in this case and adheres to its conclusion that the full range of conduct covered by CPC § 211 punishes conduct broader than the conduct covered by a generic theft offense. The Court finds no authority to support the position of the Plaintiff United States that the "exercise of control over property" in a generic theft offense sweeps as broadly as the asportation element of CPC § 21. ("The asportation continues thereafter as long as the loot is being carried away to a place of temporary safety." *Cooper*, 53 Cal. 3d at 1165).

Defendant's conviction under CPC § 211 is not a categorical theft offense. As a result, the Court concludes that Defendant suffered prejudice as a result of the procedural defect in the Notice and is entitled to relief under 8 U.S.C. § 1326(d).

IT IS HEREBY ORDERED that motion to dismiss the indictment due to invalid removal order filed by Defendant Marco Antonio Alonso-Sepulveda (ECF No. 14) is granted.

DATED: March 29, 2016

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge